## PRYZANT v. GULF REFINING CO.

### No. 2773.

Court of Civil Appeals of Texas. Beaumont.

May 30, 1935.

Morris, Clark & Darden, of Conroe, for appellant.

Geo. E. Reeves and W. C. Clemons, both of Houston, and Llewellyn & Dougharty, of Liberty, for appellee.

COMBS, Justice.

This is a libel suit filed in the district court of Montgomery county by appellant Joe Pryzant, as plaintiff, against the appellee, Gulf Refining Company, as defendant.

The Gulf Refining Company issued a certain "charge-a-plate" to plaintiff, which provided: "Until otherwise ordered this plate will be honored at any Gulf Refining Company service station or any authorized dealer agency." Pryzant, who is a merchant at Willis, Tex., made use of the "charge-a-plate" from time to time to obtain credit for gasoline and oil purchased at the filling stations and authorized agencies of the appellee. He paid his bills promptly and at the time of the matter complained of did not owe the appellee anything. On or about April 4, 1933, appellee issued a general form letter addressed to "all authorized dealer-agents and retail commission-agents" which read:

"Gentlemen:

"This is to advise you not to make sales, except for cash, to the following list of customers:

"Joe Pryzant, Willis, Texas.

"Yours very truly,

"F. T. Bartle, Consignee."

Following the writing of this letter and on or about April 10, 1933, the appellant, Joe Pryzant, went into a filling station being operated by appellee's authorized dealer, John S. Hulen, at Willis, Tex., and made a purchase of gasoline and presented his "charge-a-plate" and requested that the purchase be charged to his account. Hulen refused to charge the purchase to his account and referred him to the letter which we have above quoted, and which was posted on the wall of the filling station. Appellant then wrote the Houston office of the appellee to know why credit had been denied him and the letter posted in its filling stations, and received in reply the following letter:

"Gulf Refining Company,

"Sales Department,

"Houston, Texas.

"April 23, 1935.

"File of

"Mr. Joe Pryzant,

"Willis, Texas.

"Dear Sir:

"We have at hand your letter of recent date, inquiring why our service stations have failed to honor your charg-a-plate for purchases of our products on open terms.

"We assure you, Mr. Pryzant, that we regret that this has occurred, and we know of no reason why they should have refused you credit.

"We are forwarding a copy of this letter to our representative at Conroe, in order that he may make an adjustment of this condition, and we assure you that we value your patronage, and trust that we

shall continue to enjoy same in the future.

"Yours truly,
"B. L. Harris, Credit Manager."

After receiving the above letter appellant again went to the filling station of Hulen, purchased gasoline and attempted to have it charged by presenting his "charga-plate," and Hulen again refused credit, referring him again to the general letter No. 6 which was still posted in the station. This suit followed.

Plaintiff, by his petition, pleaded the facts substantially as we have stated them above, and further pleaded in substance that the posting of said letter in a public and conspicuous place in the station of John S. Hulen, and, as he is informed, in other stations, had injured his good name, reputation, fame, and credit, "he was and has been characterized and listed as a person who will not pay his just debts and as one guilty of evil, corrupt and dishonest practices and unworthy of trust to his serious damage," and that said letter was posted in a willful, reckless, and careless manner. The prayer was for $5,000 actual damages and $5,000 exemplary damages.

There was neither pleading nor proof that appellee, in posting the letter complained of, was actuated by malice. In fact, the proof tends to negative the idea of actual malice.

At the conclusion of the evidence, the trial court instructed a verdict for the appellee.

We think the trial court properly instructed the verdict. The letter complained of had no defamatory words in it. It appears on its face to be a clear, unambiguous letter of instruction written by one agent or representative of appellee to another. It appears to relate solely to the business of the appellee and to have reference to a matter with respect to which both appellee and the representatives concerned had corresponding and reciprocal duties to perform. Appellee, of course, has the right to extend or refuse credit to whomsoever it pleases. The charge-a-plate issued to appellant merely conferred a gratuitous privilege upon him which might be withdrawn at any time.

Appellant necessarily knew this, for in the absence of special circumstances one who accepts credit extended by another must necessarily know of the other's right to withdraw it at any time. Appellant, in his brief, concedes that the letter on its face is not libelous, but insists that by innuendo it is libelous when considered in connection with other facts and circumstances. We deem it unnecessary to go into a consideration of the law of innuendo or discuss the matter of whether the letter could be enlarged upon by innuendo so as to state a cause of action against appellee. Suffice it to say that appellant's pleadings contain no allegations which, by any legitimate construction, can be given such effect.

Furthermore, the letter, the posting of which was complained of, was qualifiedly privileged. 27 Tex. Jur., § 35, p. 649; World Oil Co. v. Hicks (Tex. Civ. App.) 46 S.W.(2d) 394; Palatine Ins. Co. v. Griffin (Tex. Civ. App.) 202 S. W. 1014; Perry Bros. Variety Stores v. Layton (Tex. Civ. App.) 7 S.W.(2d) 190. In Texas Jurisprudence, supra, the rule is thus stated: "Qualified privilege comprehends all bona fide communications upon any subject matter in which the author has an interest or with respect to which he has a duty to perform to another having a corresponding duty. Such privilege is termed 'conditional' or 'qualified' because the person availing himself of it must use it in a lawful manner and for a proper purpose. The effect of the privileged occasion is to justify the communication when made without actual malice. The privilege is the prima facie defense to the action, which may be overcome by proof of actual malice and the falsity of the charge."

In the case before us there is no allegation of any innuendo, fact, or circumstance which would remove the act complained of from the rule of qualified privilege. And since there is neither allegation nor proof of actual malice, actuating the appellee, it follows as a matter of law that appellant failed to establish any cause of action against the appellee.

The judgment of the trial court is in all things affirmed.